828 So.2d 1081 (2002)
In re COMMITMENT OF Duane Edwin SUTTON.
Duane Edwin Sutton, Petitioner,
v.
State of Florida, Respondent.
No. 2D01-5073.
District Court of Appeal of Florida, Second District.
October 25, 2002.
Elliott C. Metcalfe, Jr., Public Defender, and Christopher E. Cosden, Assistant Public Defender, Sarasota, for Petitioner.
Robert A. Butterworth, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Respondent.
ALTENBERND, Judge.
Duane Edwin Sutton seeks certiorari review of a trial court order denying his motion for protective order. Mr. Sutton sought to prohibit the State from taking his deposition in a proceeding the State initiated against him pursuant to the Jimmy Ryce Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, sections 394.910-.931, Florida Statutes (2000) (informally, the "Jimmy Ryce Act"). Mr. Sutton argues that compelling him to submit to a deposition in these proceedings violates his right against self-incrimination pursuant to the Fifth Amendment to the Federal Constitution and article 1, section 9 of the Florida Constitution; violates equal protection; and violates his right to privacy under article I, section 23 of the Florida Constitution. Although Mr. Sutton may have the right to refuse to answer specific questions at this deposition, we conclude that the *1082 trial court did not violate due process or depart from the essential requirements of the law by requiring Mr. Sutton to appear for his deposition in this civil proceeding.
Mr. Sutton was apparently charged in 1994 with various sexual offenses against a child under the age of twelve and pleaded nolo contendere to two charges. He received a ten-year term of imprisonment.[1] In March 2001, the State filed a petition seeking the involuntary civil commitment of Mr. Sutton under the Act. Thus, when his term of imprisonment ended, Mr. Sutton was transferred to a facility managed by the Department of Children and Families Services (DCF).[2]
When Mr. Sutton received a notice in October 2001 scheduling his deposition in the civil commitment proceedings, he filed a motion to strike the notice and a motion for a protective order. He maintained that the involuntary commitment proceeding was penal in nature and affected his liberty interests. As a result, he claimed that his deposition could not be taken. He claimed that being compelled, even to appear for deposition, would violate his rights against self-incrimination, as well as his rights of privacy and equal protection.
This court has recently ruled that the respondent in this type of civil commitment proceeding does not have any absolute privilege to avoid the discovery process. See Smith v. State (In re Commitment of Smith), 827 So.2d 1026 (Fla. 2d DCA 2002) (citing Westerheide v. State, 767 So.2d 637 (Fla. 5th DCA 2000), aff'd, No. SC00-2124, ___ So.2d ___, 2002 WL 31319386 (Fla. Oct. 17, 2002), and Hudson v. State, 825 So.2d 460 (Fla. 1st DCA 2002)). The United States Supreme Court has specifically determined that such proceedings are not criminal within the Fifth Amendment's guarantee against compulsory self-incrimination. See Allen v. Illinois, 478 U.S. 364, 365, 368, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986).[3] In addition, Mr. Sutton has not established that allowing his deposition in this unique proceeding is a violation of equal protection, and there is no authority for providing a defendant in a civil proceeding a blanket right of privacy such that no questions could be asked of him. Accordingly, the trial court did not depart from the essential requirements of law in denying the motion for protective order. As we did in Smith, 827 So.2d 1026, however, we emphasize that Mr. Sutton may be able to object during the deposition to answering specific questions on the grounds that they violate his right against self-incrimination or his right to privacy.
We note that section 394.916(1), Florida Statutes (2000), provides that a sexually violent predator detainee "shall" receive a *1083 jury trial within thirty days of the determination of probable cause to determine whether he or she qualifies for long-term civil confinement. Thereafter, a person confined under the Act is entitled to annual, or more regular, examinations to determine whether he or she may be eligible for release. See § 394.918(1), Fla. Stat. (2000). We assume that these procedural safeguards are important to assure that this civil confinement program comports with due process.
It is obvious that the rules of civil procedure were never designed for these proceedings, particularly given the liberty interests at stake and the statutory provision that contemplates a trial within thirty days. Moreover, the common law writ of certiorari is a good vehicle to test discovery issues in a typical civil case, but it cannot efficiently handle the current onslaught of discovery issues in these proceedings without unduly delaying the thirty-day right to trial by jury.
Mr. Sutton was released from prison in April 2001. He is 72 years old. At this rate, he could be a pretrial detainee in a DCF facility for the rest of his life. It appears possible that he must choose between a speedy trial and potential liberty on one hand and his Fifth Amendment rights and rights to privacy on the other. We recognize the legitimate need for this type of proceeding, but unless the State can devise methods to resolve these cases in a timely fashion, there is a serious risk that this Act will become unconstitutional as applied.
Petition for writ of certiorari denied.
WHATLEY and GREEN, JJ., Concur.
NOTES
[1] We have no record in this original proceeding. The appendix provides only limited material from the civil commitment proceeding.
[2] The petition for certiorari in this case did not stay the proceedings below. We have not been advised of developments in the case but assume that Mr. Sutton is still confined by DCF.
[3] Although we conclude that there are no constitutional impediments to a deposition of Mr. Sutton, it is not clear whether the Florida Legislature intended that such defendants would have rights against self-incrimination in these civil commitment proceedings. Compare § 394.9155(1), Fla. Stat. (2000) (providing that rules of civil procedure apply to proceedings under the Act) with § 394.913(3)(c), Fla. Stat. (2000) (providing that person designated as sexually violent predator "must be offered" personal interview; if person "refuses to fully participate" in interview, multidisciplinary team may proceed with recommendation without interview). It seems a bit incongruous that the defendant would not be required to participate in the evaluation of the multidisciplinary team, but then could be compelled to give a deposition.